UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW BARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:20-cv-2275 |
| | ) |
| INVICTUS REAL ESTATE GROUP, LLC, | ) |
| INVICTUS PROPERTY MANAGEMENT, | ) |
| LLC, and CLARK REEVES, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Andrew Barrett ("Barrett"), brings this cause of action against Defendants, Invictus Real Estate Group, LLC ("IREG"), Invictus Property Management, LLC ("IPM") and Clark Reeves ("Reeves") (hereinafter collectively referred to as "Defendants," unless otherwise stated), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.*, the Indiana Wage Payment Statute ("IWPS"), I.C. § 22-2-5-1, and Indiana common law for unjust enrichment.

## PARTIES

1. Barrett has resided within Marion County, Indiana, at all relevant times.

2. Defendants IREG and IPM have operated and conducted business within Marion County, Indiana, at all relevant times.

3. Reeves has been a manager, corporate officer, or supervisory employee of IREG and/or IPM at all relevant times.

1

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C §1331, 29 U.S.C. §216(b), as well as 28 U.S.C. § 1367 for those claims brought under Indiana state or common law.

5. Defendants are "employer[s]" within the meaning of 29 U.S.C. § 203(d).

6. Defendants IREG and/or IPM have annual gross receipts in excess of $500,000 per year and engage in interstate commerce.

7. Barrett was an "employee" within the meaning of 29 U.S.C. § 203(e).

8. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

9. Upon information and belief, Defendant IREG purchases real estate, remodels and/or rehabilitates that real estate, and then sells the rehabilitated real estate to its clients.

10. Upon information and belief, Defendant IREG's real estate clients purchase rehabilitated real estate to rent to other individuals.

11. Upon information and belief, Defendant IPM provides property management services to landlords, including those real estate clients of Defendant IREG.

12. Upon information and belief, part of the property management services provided by Defendant IPM is to rehabilitate, remodel, and repair properties to make them rentable.

13. Defendant Reeves was the Vice President of Renovations for Defendant IREG and/or Defendant IPM at all relevant times.

14. Barrett worked as a maintenance and/or handyman for Defendants.

15. Defendants assigned Barrett to repair, fix, or otherwise complete maintenance and/or construction projects including, but not limited to, drywall, plumbing, painting, and

2

electrical projects.

16. Defendants intentionally misclassified Barrett as an independent contractor.

17. Barrett was actually an employee of Defendants.

18. Defendants required Barrett to be at work by 8 a.m. and to work until at least 5 p.m. each work day.

19. Defendants had the ability to, and actually did, issue discipline to Barrett.

20. Defendants IREG and IPM provided Barrett with uniforms and/or clothing emblazoned with their logos including sweatshirts, t-shirts, and a carhartt jacket.

21. Defendant IREG issued wages to Barrett from the Invictus Real Estate Group's Square Payroll account and issued an IRS form 1099 to him for his wages.

22. Defendant IPM held Barrett out as an employee in a letter dated March 23, 2020.

23. Defendants provided the materials for any repair or maintenance project.

24. The jobs performed by Barrett – maintenance, repair, and/or rehabilitation of properties – were an integral part of the Defendants' business operations.

25. Barrett worked for the Defendants from in or about 2017 to in or about May, 2020.

26. Barrett received all work orders and/or instructions on what tasks to complete from the Defendants.

27. Barrett did not have an independent business structure or organization.

28. Barrett worked in excess of 40 hours per week on multiple occasions over the past three (3) years.

29. Barrett was a non-exempt employee paid on an hourly basis. Barrett's rate of pay when he resigned his employment was $14.00 hour.

30. The overtime hours spent by Barrett constituted work performed for Defendants and served as a measurable benefit to Defendants.

31. The overtime hours worked by Barrett constituted employment for which he should have received wages from Defendants at one and one half times his normal rate.

32. Defendants did not pay Barrett any overtime premium that he was owed.

33. Barrett voluntarily resigned his employment in or about May, 2020.

34. Barrett worked for Defendants for approximately 26 hours during the pay period of May 4, 2020 to May 10, 2020. Defendants were to pay Barrett for this pay period on May 15, 2020.

35. Defendant Reeves was able to, and actually did, control Barrett's hours and wages.

36. Defendants wrongfully withheld Barrett's last pay check in its entirety.

37. Defendants' use and retention of Barrett's wages, overtime or straight, was and remains unjust.

38. Barrett has suffered injury as a result of Defendants' willful, intentional, unlawful actions.

## COUNT I - FAIR LABOR STANDARDS ACT

39. Barrett hereby incorporates paragraphs 1-38 of his Complaint.

40. Defendants have failed to compensate Barrett for all overtime wages earned by him.

41. Defendants' actions have been intentional, willful, and in reckless disregard of Barrett's rights as protected by the FLSA.

4

## COUNT II – UNJUST ENRICHMENT

42. Barrett hereby incorporates paragraphs 1-41 of his Complaint.

43. Defendants retained money for its use that was legally required to be paid to Barrett for the overtime hours he worked.

44. Defendants retained money for their use that was legally required to be paid to Barrett for the hours he worked for them during the time period of May 4, 2020, to May 10, 2020.

45. Defendants have been unjustly enriched at Barrett's expense in violation of Indiana common law.

## COUNT III - INDIANA WAGE PAYMENT STATUTE

46. Barrett hereby incorporates paragraphs 1-45 of his Complaint.

47. Defendant did not timely issue payment to Barrett for all wages earned by him.

48. Defendants' unlawful actions were intentional, willful, and done in reckless disregard of Barrett's rights as protected by the IWPS.

## REQUESTED RELIEF

WHEREFORE, Andrew Barrett, by counsel, respectfully requests that this Court find for him and order that:

1. Defendants pay all unpaid straight and overtime wages to Barrett;

2. Defendants pay liquidated and treble damages to Barrett;

3. Defendants pay all wages and expenses to Barrett for which Defendants have been unjustly enriched;

4. Defendants pay pre- and post-judgment interest to Barrett;

5. Defendants pay Barrett's attorneys' fees and costs incurred in litigating this

action; and

6.      Defendants pay to Barrett any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

> Respectfully submitted,
>
> John H. Haskin, Attorney No. 7576-49
> Bradley L. Wilson, Attorney No. 21154-49
> Shannon L. Melton, Attorney No. 29380-49
> JOHN H. HASKIN & ASSOCIATES
> 255 North Alabama Street. 2nd Floor
> Indianapolis, Indiana  46204
> Telephone:    (317)955-9500
> Facsimile:    (317)955-2570
> Email:    jhaskin@jhaskinlaw.com
> Email:    bwilson@jhaskinlaw.com
> Email:    smelton@jhaskinlaw.com
>
> Attorneys for Plaintiff: Andrew Barrett

## DEMAND FOR JURY TRIAL

Plaintiff, Andrew Barrett, by counsel, respectfully requests a jury trial for all issues deemed triable.

> Respectfully submitted,
>
> John H. Haskin, Attorney No. 7576-49
> Bradley L. Wilson, Attorney No. 21154-49
> Shannon L. Melton, Attorney No. 29380-49
> JOHN H. HASKIN & ASSOCIATES
> 255 North Alabama Street. 2nd Floor
> Indianapolis, Indiana  46204
> Telephone:    (317)955-9500
> Facsimile:    (317)955-2570
> Email:    jhaskin@jhaskinlaw.com
> Email:    bwilson@jhaskinlaw.com
> Email:    smelton@jhaskinlaw.com
>
> Attorneys for Plaintiff: Andrew Barrett