UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANDREW BARRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02275-JPH-TAB |
| | ) | |
| INVICTUS REAL ESTATE GROUP, LLC, | ) | |
| INVICTUS PROPERTY MANAGEMENT, LLC, | ) | |
| CLARK REEVES, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

**I.    Introduction**

Federal Rule of Civil Procedure 8(c) requires parties to affirmatively state all affirmative

defenses in a responsive pleading.  Somewhere along the way, the distinction between an

affirmative defense and a mere denial has been lost, or at least significantly muddled.  As a

result, answers often include defenses and denials masquerading as affirmative defenses.  This,

in turn, can result in unnecessary discovery and needless motions practice.  The instant case

provides a textbook example of a slew of purported affirmative defenses that are, in fact, nothing

of the sort.  The erroneous inclusion of alleged affirmative defenses by Defendant Invictus Real

Estate Group, LLC ("IREG") prompted Plaintiff Andrew Barrett to file a motion to strike them.

[Filing No. 23.]  Barrett's motion is largely well taken.  For reasons set forth below, Affirmative

Defense Nos. 1-5, 8, 9, 11, 12, 16, and 18-20 are stricken.

## II.    Discussion

Barrett seeks unpaid wages from Defendants under the Fair Labor Standards Act ("FLSA") and the Indiana Wage Payment Statute ("IWPS").  [Filing No 1.]  In response to Barrett's complaint, Defendant IREG denied most of Barrett's allegations and asserted 20 affirmative defenses.  [Filing No. 18.]  Barrett moved to strike Affirmative Defense Nos. 1-5, 6, 8, 9, 11, 12, 16, and 18-20.  [Filing No. 23.]

Federal Rule of Civil Procedure 12(f) permits any party to strike from any pleading "an insufficient defense or any redundant, material, impertinent, or scandalous matter."

> The proliferation of litigation under Rule 12(f) underscores the importance of the procedural law of defenses.  Properly designating a defense as either negative or affirmative can avoid an otherwise unnecessary and costly motion to strike.  So too will pleading any affirmative defense with plausibility, and ensuring that each affirmative defense—like each claim for relief—is cognizable under the substantive law.

Amy St. Eve & Michael A. Zuckerman, *The Forgotten Pleading*, 7 Fed. Cts. L. Rev. 152, 171 (2013).  Although a motion to strike an affirmative defense is generally disfavored, it can be useful when it expedites a matter by removing unnecessary clutter.  *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).  District courts have considerable discretion in ruling on motions to strike.  *See, e.g., Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 647 (7th Cir. 2014) ("A district court's grant or denial of a motion to strike is reviewed for an abuse of discretion.").

A.  Affirmative Defenses 1-5, and 11: Bare bones conclusory allegations or defenses are insufficient.

Barrett contends that Affirmative Defenses No. 1-5, and 11 are not affirmative defenses at all.  [Filing No. 24, at ECF p. 3, 8.]  Rather, they amount to repeated denials of Barrett's complaint allegations, with the first five "directed solely at Defendant's defense that Barrett was not an employee but an independent contractor[.]"  [Filing No. 24, at ECF p. 3, 8.]  Thus, Barrett argues that IREG "is merely seeking, with bare bones legal assertions, to negate elements of Barrett's case in chief, rather than, as would be proper in asserting an affirmative defense, an admission of his allegations followed by separate reasons why Defendant is not liable."  [Filing No. 24, at ECF p. 3-4.]

In response, IREG concedes that "[r]ead individually and in isolation, Barrett may be strictly correct," but contends that Barrett's argument "places form over substance."  [Filing No. 25, at ECF p. 2.]  IREG claims that the first four enumerated paragraphs of its affirmative defenses allege facts, the fifth states IREG's allegation of its legal relationship to Barrett, and the following 15 enumerated paragraphs state legal defenses.  [Filing No. 25, at ECF p. 2.][1]

Federal Rule of Civil Procedure 8(c) provides a non-exhaustive list of affirmative defenses and requires parties to "affirmatively state" all affirmative defenses in a responsive pleading.  In addition, the Seventh Circuit has stated that "a defense not listed in Rule 8(c) is an

---

[1] IREG also argues that Barrett's motion should be denied because Barrett has not alleged prejudice.  [Filing No. 25, at ECF p. 2.]  In reply, Barrett argues that prejudice is only required when a party moves to strike issues that are "scandalous."  [Filing No. 26, at ECF p. 2.]  Barrett cites a string of cases demonstrating that the "clearly prejudicial" standard is not uniformly utilized in this district.  [Filing No. 26, at ECF p. 2.]  Finally, Barrett alternatively notes that even if required to show prejudice, "[p]rejudice is easily seen in the fact that Plaintiff will be forced to conduct discovery into each and every alleged defense—affirmative or otherwise—asserted by IREG."  [Filing No. 26, at ECF p. 3.]  Without diving further into the weeds on this issue, the Court, in its discretion, finds Barrett has sufficiently demonstrated IREG's kitchen-sink list of purported affirmative defenses would cause an undue burden on Barrett if allowed to remain.

affirmative defense that must be pleaded if the defendant bears the burden of proof on the issue under state law or if the defense does not controvert the plaintiff's proof." *Reed v. Columbia St. Mary's Hospital*, 915 F.3d 473, 478 (7th Cir. 2019). *Cf. Bell v. Taylor*, 827 F.3d 699, 704-05 (7th Cir. 2016) ("An affirmative defense limits or excuses a defendant's liability even if the plaintiff establishes a prima facie case.  In other words, an affirmative defense is a defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's claim, even if all the allegations in the complaint are true.  In this case, Bell did not establish a prima facie case against Taylor, and Taylor's answer did not assume that the allegations of Bell's complaint were true.  Rather, Taylor stated in his answer that he did not do what Bell accuses him of doing.  This is not an affirmative defense but simply a denial of Bell's allegations."  (Internal citations, quotation marks, emphasis, brackets, and ellipses omitted)).

Moreover, as affirmative defenses are pleadings, they must comply with the general pleading requirements of Fed. R. Civ. P. 8(a), which requires "a short and plain statement" of the defense that gives the other party fair notice of the nature of the defense.  Rule 8 further states that "[e]ach allegation must be simple, concise, and direct" but "[n]o technical form is required." Fed. R. Civ. P. 8(d)(1).  However, case law in this district makes clear that "bare bones conclusory allegations" do not suffice.  *See, e.g., Heller*, 883 F.3d at 1295 ("The remaining defenses are equally meritless.  They are nothing but bare bones conclusory allegations."); *American Automobile Association, Inc. v. AAA Automotive Parts*, No. 1:16-cv-2890-WTL-MPB, 2017 WL 11515710, at *4 (S.D. Ind. June. 26, 2017) ("As AAA correctly notes, 'affirmative defenses' 2, 3, 4, and 5 are not affirmative defenses, and the remainder are the type of 'bare bone conclusory allegations' subject to being stricken pursuant to Federal Rule of Civil Procedure 12(f)."); *Parker v. Rockies Exp. Pipeline LLC*, No. 1:11-cv-0139-SEB-DML, 2012 WL 4762138

at *2 (S.D. Ind. Oct. 5, 2012).  In addition, "[c]ourts strike affirmative defenses that are more appropriately categorized as denials of allegations because they do not assert an excuse from some or all liability but rather that Plaintiff will be unable to meet its evidentiary burden[.]" *Leonard v. Trustees of Indiana University*, No. 1:19-cv-00963-JRS-MJD, 2019 WL 3306181, at *2 (S.D. Ind. July 23, 2019) (internal citation and quotation marks omitted).

In addition, Section IV.B of the Uniform Case Management Plan in this district requires the party with the burden of proof to file a statement of the claims or defenses it intends to prove at trial, no later than 7 days after the non-expert discovery deadline and consistent with the certification provisions of Fed. R. Civ. P. 11(b), stating the specific legal theories upon which the claims or defenses are based.  While this requirement will help weed out unnecessary affirmative defenses, this statement of defenses need not be filed until after a lengthy discovery period.  As a result, the case will have needlessly progressed with at least a suggestion of affirmative defenses that had no business being brought in the first place.  *See, e.g., Rexel U.S.A., Inc. v. Bragg*, No. 1:19-cv-00035-JPH-DML, 2019 WL 8301697, at *2 (S.D. Ind. Oct. 24, 2019) ("[S]ection IV.B of the case management plan provides another juncture at which the parties must, after discovery has been completed, articulate with specificity the claims and affirmative defenses they will continue to pursue in this case.").  The requirement that a party brief any defenses was added to the Uniform CMP, in part, because of this routine issue of parties over-pleading defenses.  St. Eve & Zuckerman, *supra* at 174 ("In a typical case, the defendant will plead a "grocery list" of purported affirmative defenses.  Many are actually negative defenses disguised as affirmative ones.  Some may not even be cognizable under the applicable substantive law.").

IREG's Affirmative Defense Nos. 1, 2, 3, 4, 5, and 11 are not affirmative defenses.  They are general, bare bones allegations negating an element of Barrett's prima facie case, more

appropriately categorized as simply denials of Barrett's allegations.  IREG seems to even recognize that these are not defenses, presenting as their argument to Barrett's motion to strike that these enumerated paragraphs predominately allege facts.  [Filing No. 25, at ECF p. 2-3.] Nevertheless, to the extent that IREG intended for these paragraphs to stand as affirmative defenses, Barrett's motion to strike is granted.

        B.    Affirmative Defense No. 6: Failure to state a claim is a nonwaivable defense.

 Next, Barrett argues that Affirmative Defense No. 6, which alleges that Barrett "fails to state a claim upon which relief may be granted" is a bare bones allegation and abbreviated version of a Fed. R. Civ. P. 12(b)(6) defense, not an affirmative defense.  [Filing No. 24, at ECF p. 5.]  IREG acknowledges that "[s]ubstantively, this affirmative defense is a paraphrase of Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted."  [Filing No. 25, at ECF p. 3.]  Some courts have concluded that merely reciting the Rule 12(b)(6) standard is not a proper affirmative defense.  *See, e.g., L.B. Sheet 1, LLC v. Loskutoff*, 362 F. Supp. 3d 804, 818 (N.D. Cal. 2019) ("Several judges in this district have held that failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in the plaintiff's prima facie case.  This Court agrees.  The defense of failure to state a claim is, in essence, an argument that the plaintiff has not met its burden of alleging the elements of its claims."  (Internal citations, quotation marks, and brackets omitted)); *Divine v. Volunteers of America of Illinois*, 319 F. Supp. 3d 994, 1003 (N.D. Ill. 2018) ("Simply reciting the Rule 12(b)(6) standard is not a proper affirmative defense.); *Taylor v. Chase*, No. 4:16-CV-52-PPS-JEM, 2016 WL 6575072, at *3 (N.D. Ind. Nov. 7, 2016) ("Defendant's proposed affirmative defense A asserts that 'Plaintiff's Complaint in whole or in part fails to state a claim against [Defendant] upon which relief can be granted.'  But

this is not a proper affirmative defense; it is a recitation of the standard for a motion to dismiss."

(Internal citation and quotation marks omitted)).

However, this Court recently addressed the same scenario in *Brown v. Rosie's Place Zionsville, LLC*, No. 1:20-cv-00923-TWP-DLP, 2020 WL 6946465, at *2 (S.D. Ind. Nov. 25, 2020), in a slightly different manner.  In *Brown*, this Court stated:

> "Failure to state a claim" is a recognized defense under Federal Rule of Civil Procedure 12(b), and it is a nonwaivable defense that may be asserted at any time. The Rules permit this as an adequate response; therefore, this Court does as well. The Court will not rule on the merits of the Defendant's Rule 12(b)(6) defense unless and until the Defendant has, by motion, provided facts and/or legal authority to support this defense.  Accordingly, the Court denies the Plaintiff's motion as to Affirmative Defense No. 1.

*Id.* (internal citation omitted).  *See also Leonard*, 2019 WL 3306181, at *2 ("Plaintiff argues the Court should strike the University's Affirmative Defense No. 1 because the University has not provided any allegations as to how Plaintiff failed to state a claim.  However, the Court will not strike the defense on this ground.  The Rules allow parties to raise the defense of 'failure to state a claim upon which relief can be granted' in the responsive pleading.  Fed. R. Civ. P. 12(h)(2)(A).  It is a nonwaivable defense that may be asserted at any time."); *Malibu Media, LLC v. Stephenson*, No. 1:12-cv-00845-TWP-MJD, 2013 WL 12291537, at *1 (S.D. Ind. June 10, 2013) ("The Court will not strike this affirmative defense, whether or not the opposing party 'voluntarily agrees.'  This defense is specifically identified under Fed. R. Civ. P. 12(b)(6). . . . The Court will not penalize defendants for asserting this defense when the Rules are permissive on the matter and the pleading complies with Form 30.")).

In line with these recent rulings, the Court recognizes failure to state a claim as a nonwaivable defense that may be asserted at any time and refrains from ruling on such defense

unless or until IREG provides facts and/or legal authority in support.  Thus, Barrett's motion to strike is denied as to Affirmative Defense No. 6.

      C.    <u>Affirmative Defense Nos. 8, 9, 12, 16, 18, and 19:  These purported defenses are too broad and do not provide adequate notice.</u>

Barrett further contends that Affirmative Defense Nos. 8, 9, 12, 18, and 19 "are overinflated defenses without limitations and, in fact, are nothing more than bare bones assertions that Defendant is entitled to every defense known to United States jurisprudence, including, but not limited to, any and all defenses under the FLSA and IWPS." [Filing No. 24, at ECF p. 6-7.]  Labelling these as "purported catch-all affirmative defenses[,]" Barrett argues they are too broad and do not provide fair notice to Barrett of what IREG is attempting to plead as its defenses.  [Filing No. 24, at ECF p. 7.]  Similarly, Affirmative Defense No. 16 vaguely alleges, without citing to any facts, that "Barrett's claims are barred by the doctrines of waiver, estoppels, and/or laches."  [Filing No. 18, at ECF p. 12.]  Barrett argues IREG "has provided no evidence, or asserted any facts, that Barrett has committed any wrongdoing, which has an immediate and necessary relationship to the matters being litigated."  [Filing No. 24, at ECF p. 9.]

IREG argues that striking these defenses would be premature because it has not yet conducted discovery.  [Filing No. 25, at ECF p. 4.]  In fact, the proper course of action would be to conduct discovery and then seek to amend the pleading, rather than immediately trying to place the burden on Barrett.  *See, e.g., Leonard*, 2019 WL 3306181, at *3 ("The proper course of action is to seek the Court's leave to amend in a Rule 15 motion."  (Internal citation and quotation marks omitted)); *Citizens Ins. Co. v. LG Electronics, USA, Inc.*, No. 3:11-cv-40-RLY-WGH, 2013 WL 2160757, at *1 (S.D Ind. May 17, 2013) ("Generally, affirmative defenses not raised in the initial response are deemed waived.  However, courts are to grant leave to amend pleadings freely when justice so requires."  (Internal citations and quotation marks omitted)).

Still, as the parties note, certain affirmative defenses under the FLSA and IWPS must be pleaded, otherwise they are waived.  Thus, while Barrett's motion is granted as it relates to these affirmative defenses, IREG has 14 days to re-file its answer addressing the issues stated in this order and clarifying the specific waivable defenses it wishes to preserve at this time.  *See, e.g., Duncanson v. Wine and Canvas IP Holdings LLC*, No. 1:16-cv-00788-SEB-DML, 2017 WL 5153215, at *1 (S.D. Ind. April 10, 2017) ("As now pleaded, many (even most) of their affirmative defenses are 'unnecessary clutter' that appear to be interfering with the expeditious litigation of this case.  It is apparent that some of them could not possibly have anything to do with this case.  Further, many of them are not affirmative defenses at all. . . .  The court will not permit the defendants to clutter up the pleadings with matters for which they can assert no plausible basis.  Instead of striking at this time the defendants' pleaded affirmative defenses, the court requires the defendants to amend their affirmative defenses."  (Internal citations omitted)).

    E.    <u>Affirmative Defense No. 20:  Unnecessary attempt to reserve right to add additional defenses.</u>

Finally, Barrett describes Affirmative Defense No. 20 as "the proverbial reservation of right to amend clause," which is not an affirmative defense.  [Filing No. 24, at ECF p. 9.] This Court has granted motions to strike affirmative defenses using this type of language on many occasions.  *See, e.g., McKinley v. Rapid Global Business Solutions, Inc.*, No. 1:17-cv-00621-LJM-MJD, 2017 WL 2555731, at *3 (S.D. Ind. June 13, 2017) ("Defendants' Reservation of Additional Defenses is not an affirmative defense and is simply an attempt to reserve their right to provide additional defenses in the future, which is not appropriate or necessary."); *J & J Sports Productions, Inc. v. Munoz*, No. 1:10-cv-1563-WTL-TAB, 2011 WL 2881285, at *2 (S.D. Ind. July 15, 2011) ("[A]ffirmative defense number nine. . . is not an affirmative defense at all. Instead, it is the Defendant's attempt to reserve his right to add additional defenses.  This is

unnecessary.  If the Defendant wishes to add additional defenses he may seek to amend in a Rule 15 motion.").  Accordingly, Barrett's motion is granted as it relates to Affirmative Defense No. 20.

## III.   Conclusion

As explained above, IREG's answer erroneously contains a grocery list of bare bones assertions and denials masked as affirmative defenses.  Merely labeling a defense as an affirmative defense does not make it so.  Counsel in this case, and beyond, are encouraged to more carefully scrutinize any affirmative defense sought to be asserted.  For these reasons, Barrett's motion to strike [Filing No. 23] is granted as to Affirmative Defense Nos. 1-5, 8, 9, 11, 12, 16, and 18-20.  IREG has 14 days to re-file its answer to remove unnecessary clutter and set forth valid affirmative defenses, preserving only specific, applicable defenses.

Date: 12/16/2020

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana


Distribution to all counsel of record via ECF
and to following via U. S. Mail:

Clark Reeves
5555 N. Tacoma Ave. STE 213
Indianapolis, Indiana 46220

10