UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW BARRETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cv-02275-JPH-TAB ) |
| INVICTUS REAL ESTATE GROUP, LLC Clerk's Entry of Default entered 6/28/2021, INVICTUS PROPERTY MANAGEMENT, LLC Clerk's Entry of Default entered 6/28/2021, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

On August 31, 2020, Andrew Barrett filed a complaint against his former employers—Invictus Real Estate Group, LLC (IREG), Invictus Property Management, LLC (IPM), and Clark Reeves—alleging that they failed to pay him for hours of work and hours of overtime. Dkt. 1. He brought claims for unpaid wages under the Fair Labor Standards Act and the Indiana Wage Payment Statute, and a state law claim for unjust enrichment.

Defendant Clark Reeves never appeared or defended the case. On January 20, 2021, a Clerk's Entry of default was entered against Clark Reeves. Dkt. 43. In February of 2022, Mr. Barrett moved to dismiss Mr. Reeves as a defendant, which the Court granted. Dkt. 60.

Defendants IREG and IPM filed answers to the complaint, dkt. 18; dkt. 19, but failed to defend the case further after their attorneys withdrew in February of 2021, dkt. 46; dkt. 47. On June 28, 2021, a Clerk's Entry of

1

default was entered against IREG and IPM. Dkt. 56. On March 23, 2022, Mr. Barrett filed a motion for default judgment as to IREG and IPM. Dkt. [61]. For the reasons below, that motion is **GRANTED**.

**A.    Liability**

Federal Rule of Civil Procedure 55 creates a two-step process for a party seeking default judgment. *See VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). First, the plaintiff must obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). Upon default, the well-pleaded allegations in the complaint relating to liability are taken as true. *VLM Food*, 811 F.3d at 255. Second, after obtaining entry of default, the plaintiff may seek an entry of default judgment. Fed. R. Civ. P. 55(b).

Here, an entry of default was entered against IREG and IPM, dkt. 56, and Mr. Barrett seeks default judgment. The allegations in the complaint, taken as true, establish liability of IREG and IPM for failures to pay Mr. Barrett straight and overtime wages. Therefore, the Court must determine damages. *See* Fed. R. Civ. P. 55(b).

**B.    Damages**

While the Court must accept as true allegations relating to liability, "damages must be proved unless they are liquidated or capable of calculation." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). A hearing is therefore required unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir.

2007) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).  Here, damages can be calculated from definite figures in Mr. Barrett's evidence, so a hearing is unnecessary.  *See Villanueva v. Falcon Const. Co.*, No. 2:09-cv-107-PPS-PRC, 2010 WL 1577277, at *1 (N.D. Ind. Apr. 14, 2010) (holding that a hearing was unnecessary when determining damages on a motion for default judgment on similar claims).

Mr. Barrett seeks $10,585.52 under the FLSA, $1,092.00 under the IWPS, and attorney fees of $30,155.00 for a total judgment of $41,832.52 plus court costs and pre- and post-judgment interest at the statutory rate.  Dkt. 61 at 3 ¶18–19, 4.

### 1. Damages under the FLSA

For his FLSA claim, Mr. Barrett alleges that he was "intentionally misclassified" as an independent contractor rather than an employee.  Dkt. 1 at 3 ¶ 16-27. As a result, he alleges, he was not paid overtime wages for the entire period that he worked for Defendants.  *Id.* at ¶¶ 28-32, 39-41.  In total, he claims that he worked 814.27 overtime hours for Defendants between April 2, 2018 and May 10, 2020.  Dkt. 61 at 3 ¶ 18.  The FLSA entitles employees to overtime compensation at one and one-half times their regular hourly pay for any hours worked in excess of 40 per week.  29 U.S.C. § 207(a)(1).  With a starting hourly rate of $13.00, Mr. Barrett's overtime premium would have been $6.50 additional pay per hour.  *Id.*  Therefore, he claims Defendants owe $5,292.76 in unpaid overtime wages.  *Id.*

3

In addition, the FLSA provides liquidated damages in an amount equal to the total unpaid wages. 29 U.S.C. § 216(b). A court may choose not to award liquidated damages only when the employer proves it acted in good faith and with reasonable grounds to believe that its actions did not violate the FLSA. *Id.*; 29 U.S.C. § 260. Employers bear the burden of showing they acted reasonably and in good faith. *Bankston v. Illinois*, 60 F.3d 1249, 1254 (7th Cir. 1995). Defendants have not made that showing here, so Mr. Barrett is entitled to liquidated damages. *See Boyd v. Kim*, No. 1:12-cv-01547-TWP-DML, 2016 WL 776423, at *3 (S.D. Ind. Jan. 28, 2016), report and recommendation adopted, No. 1:12-cv-1547-TWP-DML, 2016 WL 772551 (S.D. Ind. Feb. 18, 2016) (awarding FLSA liquidated damages on default judgment).

Mr. Barrett's FLSA damages for unpaid overtime is $5,282.76. The FLSA liquidated damages provisions adds an additional $5,292.76 in liquidated damages, effectively doubling his damages. *See Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 405 (7th Cir. 1999) ("Doubling is the norm, not the exception.").

Altogether, Mr. Barrett is entitled to **$10,585.52** in damages under the FLSA.

### 2. Damages under the Indiana Wage Payment Statute

The Indiana Wage Payment Statute entitles plaintiffs to recover all wages they were owed but their employer failed to pay. Ind. Code § 22-2-5-2. Here, Mr. Barrett worked 26 hours at a rate of $13.00 per hour during the period May 4–10, 2020, entitling him to **$364.00** in unpaid wages. Dkt. 61 at 3 ¶ 17.

In addition to unpaid wages, plaintiffs are also entitled to two times the amount of wages due as liquidated damages if the employer did not act in good faith. Ind. Code § 22-2-5-2. These damages are "mandatory." *Valadez v. R.T. Enterprises, Inc.*, 647 N.E.2d 331, 333 (Ind. Ct. App. 1995). Mr. Barrett is therefore entitled to another **$728.00** in damages, *see Poff v. Quick Pick, LLC*, No. 2:15-cv-405-LJM-MJD, 2017 WL 1509313, at *2 (S.D. Ind. Apr. 27, 2017) (awarding liquidated damages under the Indiana Wage Payment Statute in default judgment). This effectively triples his damages. *See Stampco Constr. Co., Inc. v. Guffey,* 572 N.E.2d 510, 514 (Ind. Ct. App. 1991).

Altogether, Mr. Barrett is entitled to **$1,092.00** in damages for his claim under the Indiana Wage Payment Statute.

### 3. Attorney's fees and costs

Both the FLSA and Wage Payment Statute provide that a plaintiff may recover attorney's fees and costs. 29 U.S.C. § 216(b); Ind. Code § 22-2-5-2. Mr. Barrett's attorneys have filed an affidavit verifying the hours they worked on this case. Dkts. 61-2, 61-3. In total, attorney Bradley Wilson spent 28.4 hours working on this case at a rate of $400 an hour. Dkt. 61-2 at 2 ¶¶ 7, 8. Mr. Wilson has designated evidence that this rate is reasonable. *Id.* at ¶ 9. Attorney Shannon Melton spent 53.7 working on this case at a rate of $350.00 an hour. Dkt. 61-3 at 2 ¶ 7. Mr. Melton has designated evidence that this rate is reasonable. *Id.* at ¶ 9. Moreover, Counsel have filed detailed billing statements, dkt. 67-1, that specify "not only on the total number of hours involved but also on the particular tasks to which the attorney devoted his or

her time." *Trustees of Chicago Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 904-05 (7th Cir. 2009)

The Court finds that the fees billed are reasonable, entitling Mr. Barrett to **$11,360.00** in attorney fees for Mr. Wilson's representation and **$18,795.00** in attorney fees for Mr. Melton's representation; *see Cervantes v. Midwest Envtl. LLC*, No. 18-cv-600-PP, 2019 WL 1923674, at *2 (E.D. Wis. Apr. 30, 2019) (holding that a declaration verifying attorney fees and costs sufficiently established those amounts for a default judgment). The combined total attorney fees is **$30,155.00.**

### 4. Interest

Mr. Barrett is also entitled to pre-judgment interest on his Indiana Wage Payment Statute claim.[1] *DeGood Dimensional Concepts, Inc. v. Wilder*, 135 N.E.3d 625, 637 (Ind. Ct. App. 2019) (affirming award of pre-judgment interest under the Indiana Wage Payment Statute). The statutory interest rate is 8% per year, Ind. Code § 24-4.6-1-102, which does not compound absent an underlying agreement of the parties, *Firstmark Std. Life Ins. v. Goss*, 699 N.E.2d 689, 693 (Ind. Ct. App. 1998). Pre-judgment interest on the **$1,092.00** owed under the IWPS amounts to **$0.23** per day for each day after May 15, 2020 until the date final judgment is entered. *See DeGood*, 135 N.E.3d at 637 ("The amount [of pre-judgment interest] is computed from the time the principal amount was demanded or due and is allowable at the permissible

---

[1] The FLSA does not allow plaintiffs to recover prejudgment interest if they are entitled to liquidated damages. *Uphoff*, 176 F.3d at 405.

6

statutory rate when no contractual provision specifies the interest rate."); dkt. 1 at 4 ¶ 34 ("Defendants were to pay Barrett for this pay period on May 15, 2020.").

Mr. Barrett is also entitled to post-judgment interest at a rate of 8% per year. Ind. Code § 24-4.6-1-101; Ind. Code § 24-4.6-1-102 (setting post-judgment interest rate at 8%); *Johnson v. Hix Wrecker Serv., Inc.*, 112 N.E.3d 1132, 1136 (Ind. Ct. App. 2018) (affirming trial court's granting of post-judgment interest on claim under the Wage Payment Statute); *see also Caldwell v. Black*, 727 N.E.2d 1097, 1100 (Ind. Ct. App. 2000) (noting that "post-judgment interest is statutorily mandated for money judgments").

**C.   Conclusion**

For the reasons stated above, Mr. Barrett's second motion for default judgment is **GRANTED**. Dkt. [61]. For his claims under the IPWS and the FLSA, Mr. Barrett is entitled to damages, liquidated damages, attorney's fees, costs, and post-judgment interest against Defendants IREG and IPM. He is also entitled to prejudgment interest against Defendants IREG and IPM on his IPWS claim. In total, excluding pre-judgment and post-judgment interest, Mr. Barrett may not recover more than $41,832.52 total from any combination of payments from either Defendant.

Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 5/11/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

John H. Haskin
JOHN H. HASKIN & ASSOCIATES, LLC
jhaskin@jhaskinlaw.com

Shannon L. Melton
JOHN H. HASKIN & ASSOCIATES, LLC
smelton@jhaskinlaw.com

Bradley L. Wilson
JOHN H. HASKIN & ASSOCIATES, LLC
bwilson@jhaskinlaw.com